

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00239-CR

JOSHUA DAVID LATHAM, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 163rd District Court
Orange County, Texas
Trial Court No. B110425-R, Honorable Dennis Powell, Presiding

July 17, 2017

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

In November of 2011, appellant Joshua David Latham entered a plea of guilty to a charge of burglary of a habitation.[1]  In accordance with a plea agreement, he was placed on deferred adjudication community supervision for a period of six years.  In June of 2014, the State filed a motion to impose guilt.  After hearing evidence, the trial court found that appellant had committed eight of the seventeen violations alleged by

---

[1] See TEX. PENAL CODE ANN. § 30.02 (West Supp. 2011).

the State. As a result, the trial court adjudicated appellant guilty and sentenced him to twenty years' incarceration. Appellant timely appealed and we will affirm.

Appellant's attorney has filed an *Anders* brief and a motion to withdraw. *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). In support of her motion to withdraw, counsel certifies that she has diligently reviewed the record and, in her opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id.* at 744-45. In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the trial court's judgment. Additionally, counsel has certified that she has provided appellant a copy of the *Anders* brief and motion to withdraw and appropriately advised appellant of his right to file a *pro se* response in this matter. *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991) (en banc). The Court has also advised appellant of his right to file a *pro se* response. Additionally, appellant's counsel has certified that she has provided appellant with a copy of the record to use in preparation of a *pro se* response. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Appellant has not filed a response.

By her *Anders* brief, counsel raises grounds that could possibly support an appeal, but concludes the appeal is frivolous. We have reviewed these grounds and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. *See Penson v. Ohio*, 488 U.S. 75, 82-83, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Bledsoe v. State*, 178 S.W.3d 824,

826-27 (Tex. Crim. App. 2005). We have found no such arguable grounds and agree with counsel that the appeal is frivolous.[2]

Most of the record is focused on the allegation that appellant violated the terms and conditions of his community supervision by murdering Tami Higginbotham. Appellant presented a defensive theory that he was not the cause of Higginbotham's death. However, even if we were to assume that the trial court erred in finding this violation to be true, counsel correctly identifies that there were seven other violations found by the trial court. Each of these seven violations is supported by evidence; none was controverted by appellant. "[P]roof of one violation of the terms and conditions of community supervision is sufficient to support revocation and to proceed with an adjudication of guilt." *Siedl v. State*, No. 11-16-00309-CR, 2017 Tex. App. LEXIS 4783, at *2 (Tex. App.—Eastland May 25, 2017, no pet. h.) (per curiam) (mem. op., not designated for publication) (citing *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009)).

Accordingly, counsel's motion to withdraw is granted, and the trial court's judgment is affirmed.

James T. Campbell
Justice

Do not publish.

---

[2] Counsel shall, within five days after this opinion is handed down, send a copy of the opinion and judgment, along with notification of appellant's right to file a *pro se* petition for discretionary review. *See* TEX. R. APP. P. 48.4.